UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RALPH ROBERTS REALTY, LLC, et al,

    Debtors.
_____/

Chapter 11
Case Number 12-53023-tjt
(Jointly Administered)
Hon. Thomas J. Tucker

RALPH ROBERTS REALTY, LLC,

    Plaintiff,

vs

JON SAVOY, ARNOLD HASSIG a/k/a
BUTCH HASSIG, ADAM HASSIG, PRIME
RESIDENTIAL PROPERTIES GROUP, LLC,
RYAN RESIDENTIAL PROPERTIES GROUP,
LLC, ADAM RESIDENTIAL PROPERTIES
GROUP, LLC and 1836 BRYS, LLC,

    Defendants.
_____/

Adv. Case Number 12-06131-tjt

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Ralph Robert Realty has filed a Motion for Summary Judgment pursuant to Fed.R.Civ. P.56. Plaintiff's Motion for Summary Judgement should be denied for the following reasons: 1) There are material questions of fact to be determined at trial 2) Plaintiff's Brief fails to support or verify numerous facts 3) Numerous facts in Plaintiff's brief are false. Defendants rely on the attached Brief in support of their response to the Motion for Summary Judgment

Respectfully submitted,

GOLDSTEIN BERSHAD & FRIED PC

By: /s/ Scott M. Kwiatkowski
Scott M. Kwiatkowski (P67871)
Attorneys for Defendants
4000 Town Center, Suite 1200
Southfield, MI 48075
Phone: (248) 355-5300
Fax: (248) 355-4644
email scott@bk-lawyer.net

Dated: September 27, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RALPH ROBERTS REALTY, LLC, et al,

Debtors.
_____/

Chapter 11
Case Number 12-53023-tjt
(Jointly Administered)
Hon. Thomas J. Tucker

RALPH ROBERTS REALTY, LLC,

    Plaintiff,

vs

Adv. Case Number 12-06131-tjt

JON SAVOY, ARNOLD HASSIG a/k/a
BUTCH HASSIG, ADAM HASSIG, PRIME
RESIDENTIAL PROPERTIES GROUP, LLC,
RYAN RESIDENTIAL PROPERTIES GROUP,
LLC, ADAM RESIDENTIAL PROPERTIES
GROUP, LLC and 1836 BRYS, LLC,

    Defendants.
_____/

## DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now come Defendants, by and through their attorney, Scott Kwiatkowski, and hereby respond to Plaintiff's Motion for Summary Judgment as follows:

**SUMMARY**

In Summary, Plaintiff's Motion for Summary Judgment should be denied for the following reasons:

    1. There are material questions of fact to be determined at trial,

    2. Plaintiff's Brief sets forth numerous facts but fails to support those facts with any affidavits or verification, and

    3. Numerous fact recited in Plaintiff's brief are false as indicated by the attached

declaration of Jon Savoy.(See Attached Exhibit A)

**Argument**

**1. Material Questions of Fact to be Determined at Trial**

The Plaintiff's brief begins with a section of undisputed facts; however the facts listed by the Plaintiff are vigorously disputed. Defendant's do not deny the fact that they were part of the Plaintiff's investor program. However, the terms of the investor program are disputed and a question of fact for trial. The Plaintiff's argument is based solely upon his rendition of the agreement; however, the documentary evidence and the Declaration of Jon Savoy are contradictory to the investor agreement as described by the Plaintiff.

Plaintiff sets forth the investor program as follows in which three payments were collected from investors: a $5,000 acquisition fee, a split of net profits upon an investor's sale of a house, and a payment to Plaintiff of a broker's commission for marketing and selling an investor's property after the investor makes the determination to sell.

The Plaintiff agrees that the Defendants would owe the acquisition fee in two installments and that if a property was redeemed the $2,500 that was paid would be credit towards any property purchased in the future.

Defendant's dispute any payment owing to Plaintiff for real estate commissions. There were never any signed listing agreements between the parties and the Defendants refused to use Plaintiff based on gross incompetence.

The Defendants' oral agreement with the Plaintiff regarding the net profit split is drastically different than the arrangement as set forth by the Plaintiff. First, it is the Defendants position that the split of the net profits was 30% rather than the 33% that the Plaintiff advances in the Motion. Furthermore, the Plaintiff's Exhibit A to the Motion for Summary Judgment illustrates that 30% of net profit was paid as agreed. (Plaintiff's Exhibit

A pg 10.)

The Defendants agreement with the Plaintiff also set forth the conditions on how to determine the net profit calculation. The Defendants would deduct all of the expenses incurred in the renovation, ownership, and disposition of each property purchased. The Defendants were putting up all of the money to fund the purchases so it was agreed by the parties to have a per diem interest rate on all cash invested during the term of the ownership as a credit. The parties further agreed that the Defendants would be entitled to a sellers' fee of $5,000 ( this was subsequently increased given the enormous amount of time and aggravation the Defendants were spending on the renovation, management, inspections, repair calls, and correcting Plaintiff's errors).

The parties further agreed that in the event that the Defendants lost money on any of the acquired properties, the **Defendants would be entitled to 100% credit or payment for total amount of any and all losses incurred** (also because the Defendants were putting up all the money). **The parties further agreed that at the Defendants discretion it could net out and any losses incurred against any acquisition fees or net profit splits to Plaintiff from the sale of other properties.**

The parties agreed that if the Defendant sold a property on a land contract that Plaintiff would not receive any monthly interest or portion of any principal payments made prior to the end of the land contract term. The Plaintiff would only be entitled to funds at the end of the land contract term pursuant to the net profit calculation as outlined above.

## 2. PROPERTIES SOLD SPLITS PAID

The Defendant sold the Antonia, Foxcrest, Lowell, and Raymond Properties and there is no dispute that the Plaintiff received the net profit split (Plaintiff's motion states "paid as agreed") It is important to note that the net profit was determined using the net

profit calculation as outlined above. The net profit calculation was adhered to and the Plaintiff was paid in full for all of the properties. (Please see attached Exhibit B for net profit calculation of Antonia, Foxcrest, Lowell, and Raymond).

### 3. PROPERTIES SOLD NO NET PROFIT

The Plaintiff alleges that on or about May 19, 2011, Defendants sold Ledgerstone and failed to pay Plaintiff a commission, and failed to pay Plaintiff the agreed 33% of the net proceeds. The Defendants used the same net profit calculation in calculating the net profit on Ledgerstone as was utilized in the Antonia, Foxcrest, Lowell, and Raymond, and following the sale no net profit was realized.(See attached Exhibit.C). The sale of the Ledgerstone property resulted in a loss. Therefore, pursuant to the parties agreement Defendants are entitled to a credit of $4,085.53 to be applied against future acquisition fees or net profit splits.

The Plaintiff alleges Defendants sold Firwood and failed to pay Plaintiff a commission, and failed to pay Plaintiff the agreed 33% of the net proceeds. The Defendants used the same net profit calculation in calculating the net profit on Firwood as was utilized in the Antonia, Foxcrest, Lowell, and Raymond, and following the sale no net profit was realized. The sale of the property resulted in a loss (See attached Exhibit D). Therefore, pursuant to the parties agreement Defendants are entitled to a credit of $8,203.70 to be applied against future acquisition fees or future net profit splits.

The Plaintiff alleges Defendants sold 7376 Engleman and failed to pay Plaintiff a commission, and failed to pay Plaintiff the agreed 33% of the net proceeds. The Defendants used the same net profit calculation in calculating the net profit on Engleman as was utilized in the Antonia, Foxcrest, Lowell, and Raymond, and following the sale no net profit was realized (See Exhibit E). The sale of the property resulted in a loss.

Therefore, pursuant to the parties agreement Defendants are entitled to a credit of $40,049.53 to be applied against future acquisition fees or future net profit splits.

The Plaintiff alleges Defendants sold 17803 Eastland and failed to pay Plaintiff a commission, and failed to pay Plaintiff the agreed 33% of the net proceeds. The Defendants used the same net profit calculation in calculating the net profit on Eastland as was utilized in the Antonia, Foxcrest, Lowell, and Raymond, and following the sale no net profit was realized. The sale of the property resulted in a loss (See Exhibit F). Therefore, pursuant to the parties agreement Defendants are entitled to a credit of $14,401.11 to be applied against future acquisition fees or future net profit splits.

The Defendants sold 29179 Trailwood and the 30% net profit was $18,302.11. The Defendants offset the profit against the net losses as permitted under the agreement. Plaintiffs did not institute collection action until the filing of the present lawsuit. Defendants used the same net profit calculation in calculating the net profit on Trailwood as was utilized in the Antonia, Foxcrest, Lowell, and Raymond (See Exhibit G).

The Defendants are also entitled to a credit of $7,500 for the redeemed properties 28340 Palm Beach, 27981 Urseline, and 17463 Breckenridge. Therefore, the Defendants are entitled to a credit against acquisition fees and/or net profit splits totaling $55,937.93

The Plaintiff does not have a claim on any of the unsold properties because he has breached his agreement with the Defendant. In the alternative the Plaintiff is entitled to an offset of $55,937.93 against any future net profit splits. Furthermore, the Plaintiff is only entitled to net profit upon the sale of the property.

A summary of Defendant's claims is set forth below:

| PROPERTY | PURCHASE PRICE | SALE PRICE | PLAINTIFF CLAIM | ACTUAL NET PROFIT SPLIT |
|---|---|---|---|---|
| Duncan | $24,317 | $84,900 | Approx $20,194 | Land Contract Balloon* |
| Engleman | $17,627 | $29,900 | $3,000 | ($40,049.70) |
| Firwood | $28,288 | $84,900 | $20,000 | ($8,203.70) |
| Jimmy | $16,627 | $50,000 | Approx $11,124 | Land Contract Balloon* |
| Ledgerstone | $23,501 | $69,900 | $15,800 | ($4,085.53) |
| Irene | $28,288 | | Unknown | $0** |
| Teppert | $10,625 | | Unknown | $0** |
| Trailwood | $59,800 | $168,000 | $36,000 | $18,302.11 |
| Eastland | $24,751 | $35,000 | $0 | ($14,401.11) |
| Palm Beach | Redeemed | | | ($2,500) |
| Urseline | Redeemed | | | ($2,500) |
| Breckenridge | Redeemed | | | ($2,500) |
| Totals | | | $106,118 | ($55,937.93) |

* No funds are owed to Plaintiff on Land Contracts unless a balloon payment is made. Further, the Plaintiff has materially breached the agreement and no future payments are due and owing.

**No funds are owed to Plaintiff on future sales due to the breach of the agreement

The Plaintiff's claims are pure speculation and are not based upon the actual expense numbers of the properties. The Defendant has kept records in the ordinary course of business that support the numbers as listed in the table.

### 4. PLAINTIFF'S MATERIAL BREACH

The Plaintiff "job" was to find properties for Defendant entities to purchase at a foreclosure sale in which a profit could be made. The Plaintiff sold himself as an expert and that his skills would allow for the Defendants to make profit. As noted in the above table

the Plaintiff failed to perform pursuant to the terms of the agreement since the Plaintiff did not find profitable properties. The Plaintiff failed to accurately review title records and tax records which caused an increase in cost and legal expenses. The Defendants were instructed that the Plaintiff personally reviewed title searches of the properties and personally inspected the properties so as to ascertain the properties value. The Plaintiff failed to perform this material aspect of the contract.

Furthermore, the Defendants were entitled to a right of first refusal on properties in Macomb county and the Plaintiff breached that on a weekly basis. Due to the material breach of the contract by the Plaintiff the alleged oral contract is not enforceable.

## 5. REAL ESTATE COMMISSIONS

As a matter of law, Plaintiff is not entitled to any funds from an oral promise to pay real estate commissions. The Statute of Frauds MCL 566.132(1)(e) states " In the following cases an agreement, contract, or promise is void unless that agreement, contract, or promise or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charted with the agreement, contract or promise: An agreement, promise, or contract to pay a commission for or upon the sale of an interest in real estate." It is undisputed that the Plaintiff does not have a written listing agreement with the Defendants for any of the properties in question. Furthermore, Judge Tucker has ruled in a similar proceeding ( 12-6132-Ralph Roberts Realty LLC v. Roberts) that an oral promise to pay real estate commission is unenforceable. Therefore, any claim for payment of real estate commissions is without merit and should be summarily dismissed.

E:\Savoy, Jon G\Pleadings\Brief MSJ.wpd                    7

12-06131-tjt    Doc 33    Filed 09/27/13    Entered 09/27/13 16:07:42    Page 9 of 20

## 6. DEFENDANTS NOT PERSONALLY LIABLE

The Plaintiff seeks a judgment against Jon Savoy, Arnold Hassig, and Adam Hassig for their involvement in Plaintiff's investor program. Jon Savoy, Arnold and Adam Hassig were never personally involved in any of the real estate transaction in question. The closing statements attached to the Plaintiff's Motion for Summary Judgement illustrate that all of the properties were purchased by Limited Liability Companies. The parties did not sign any documents in there individual capacities. All checks paid to the Plaintiff were done through limited liability companies. The course of dealings dictates that Jon Savoy, Arnold Hassig and Adam Hassig are not personally liable to the Plaintiff.

## CONCLUSION

Plaintiff's Motion of Summary Judgment must be denied due to the material issues of fact that must be decided at trial. Defendant's have illustrate that the Plaintiff's have materially breached any alleged contract and therefore any remaining properties are not property of the bankruptcy estate and do not have to be turned over. The Defendant's request that the Plaintiff's motion be denied.

Respectfully submitted,

GOLDSTEIN BERSHAD & FRIED PC

By: /s/ Scott M. Kwiatkowski
Scott M. Kwiatkowski
Attorneys for Defendants
4000 Town Center, Suite 1200
Southfield, MI 48075
Phone: (248) 355-5300
Fax: (248) 355-4644
email scott@bk-lawyer.net

Dated: September 27, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RALPH ROBERTS REALTY, LLC, et al,

    Debtors.
_____/

Chapter 11
Case Number 12-53023-tjt
(Jointly Administered)
Hon. Thomas J. Tucker

RALPH ROBERTS REALTY, LLC,

    Plaintiff,

vs

Adv. Case Number 12-06131-tjt

JON SAVOY, ARNOLD HASSIG a/k/a
BUTCH HASSIG, ADAM HASSIG, PRIME
RESIDENTIAL PROPERTIES GROUP, LLC,
RYAN RESIDENTIAL PROPERTIES GROUP,
LLC, ADAM RESIDENTIAL PROPERTIES
GROUP, LLC and 1836 BRYS, LLC,

    Defendants.
_____/

## STATEMENT UNDER PENALTY OF PERJURY OF JON SAVOY

Jon Savoy, states the following:

1. I make this statement based upon personal knowledge.
2. I have read the [Defendants'] Motion of Summary Judgment and [Defendants'] Brief in support of the motion and all of the facts stated therein are true to the best of my information, knowledge, and belief.

          Sworn under the penalty of perjury,
          /s/ Jon Savoy
          Jon Savoy

Dated: September 26, 2013



**EXHIBIT A**

Adam Residential Properties Group, LLC
PROFIT CALCULATION WORKSHEET

## 2630 Antonia, Warren

| | | |
|---|---|---|
| Acquisition Date | 10/23/2009 | |
| Sales Proceeds (see attached closing statement) | | $ 49,458.64 |
| Acquisition Price | $ 25,098.05 | |
| Ralph Roberts Realty | $ 5,000.00 | *Acquisition Fee* |
| Jon Savoy / Butch Fee | $ 5,000.00 | *Credit* |
| Kelly - Closing Fee | $ 500.00 | |
| Interest to 1836 Brys LLC (see below*) | $ 1,439.18 | *Interest Credit* |
| Initial Insurance Pre-Paid | $ 607.46 | |
| Accounting Fees | $ 613.00 | |
| Licenses | $ 31.00 | |
| Office Supplies | $ 13.24 | |
| Repairs & Maint. | | |
| Utilities | | |
| *Cost Basis* | $ 38,301.93 | |
| *Profit* | | $ 11,156.71 |
| | x | 30% |
| | = | $ 3,347.01  To Kathleen A. Roberts |

*Initial Investment $ 25,098.05 x 7% = $ 4.81 per dium
# of days 299 x $ 4.81 = $ 1,439.18   *Interest Credit Calculation*

**EXHIBIT B**

## 50335 Foxcrest, Chesterfield Twp.

| | | | |
|---|---|---|---|
| Acquisition Date | 2/12/2010 | | |
| Sales Proceeds (see attached closing statement) | | | $ 104,622.63 |
| Acquisition Price | | $ 42,589.79 | |
| Ralph Roberts Realty | | $ 5,000.00 | |
| Jon Savoy / Butch Fee | | $ 5,000.00 | |
| Kelly - Closing Fee | | $ 500.00 | |
| Interest to Ryan Residential (see below*) | | $ 1,429.38 | |
| Initial Insurance Pre-Paid | | $ 164.43 | |
| Accounting Fees | | $ 308.96 | |
| Office Supplies | | $ 24.66 | |
| Repairs & Maint. | | $ 38,991.06 | |
| Service Charges | | $ 13.98 | |
| Title & Recording Fees | | $ 1,127.10 | |
| Utilities | | $ 734.20 | |
| *Cost Basis* | | $ 94,022.26 | |
| *Profit* | | | $ 10,600.37 |
| | | x | 30% |
| | | = | $ 3,180.11 To Kathleen A. Roberts |

*Initial Investment $ 42,589.79 x 7% = $ 8.17 per diem
# of days 175 x $ 8.17 = $ 1,429.38

NOTE: This Profit Calculation Worksheet is being utilized for the calucation of profits to determine the 30% equity participation payment to Kathleen A. Roberts.

## 38944 Lowell Court, Sterling Heights

| | | | |
|---|---|---|---|
| Acquisition Date | 9/18/2009 | | |
| Sales Proceeds (see attached closing statement) | | | $ 104,730.68 |
| Acquisition Price | | $ 48,372.95 | |
| Ralph Roberts Realty | | $ 5,000.00 | |
| Jon Savoy / Butch Fee | | $ 5,000.00 | |
| Kelly - Closing Fee | | $ 500.00 | |
| Interest to 1836 Brys LLC (see below*) | | $ 2,643.95 | |
| Initial Insurance Pre-Paid | | $ 823.83 | |
| Accounting Fees | | $ 900.36 | |
| Office Supplies | | $ 97.66 | |
| Legal (allocated) | | $ 1,422.00 | |
| Licenses | | $ 31.00 | |
| Repairs & Maintenance | | $ 2,418.00 | |
| Utilitiy Costs | | $ 513.00 | |
| *Cost Basis* | | $ 67,722.75 | |
| *Profit* | | | $ 37,007.93 |
| | | x | 30% |
| | | = | $ 11,102.38  To Kathleen A. Roberts |

| | | | | | |
|---|---|---|---|---|---|
| *Initial Investment | $ 48,372.95 | x | 7% = | $ | 9.28 per dium |
| # of days | 285 | x $ | 9.28 = | $ | 2,643.95 |

NOTE: This Profit Calculation Worksheet is being utilized for the calucation of profits to determine the 30% equity participation payment to Kathleen A. Roberts. Please see Profit Calcuation Worksheet attached for actual disbursement numbers.

Adam Residential Properties Group, LLC
PROFIT CALCULATION WORKSHEET

### 31805 Raymond, Warren

| | | |
|---|---|---|
| Acquisition Date | | 10/23/2009 |
| Sales Proceeds (see attached closing statement) | | $51,988.55 |
| Acquisition Price | $19,900.00 | |
| Ralph Roberts Realty | $5,000.00 | |
| Jon Savoy / Butch Fee | $5,000.00 | |
| Kelly - Closing Fee | $500.00 | |
| Kelly - Commission | $1,000.00 | |
| Interest to Adam Res (see below*) | $933.10 | |
| Initial Insurance Pre-Paid | $500.00 | |
| *Cost Basis* | $32,833.10 | |
| *Profit* | | $19,155.95 |
| 19,155.45 x 30% = | $5,746.64 | To Kathleen A. Roberts |

* Initial Investment $22,400 @ 7% = $4.30 per dium
217 days x $4.30 = $933.10

Exhibit "29"
Ryan Residential Properties Group, LLC
PROFIT CALCULATION WORKSHEET

**36403 Ledgestone**

| | | | | |
|---|---|---|---|---|
| Acquisition Date | 12/14/2009 | | | |
| Sales Proceeds (see attached closing statement) | | | $ | 69,900.00 |
| Acquisition Price | | | $ | (23,500.00) |
| | | | | |
| Accounting | | $ | (234.17) | |
| Ralph Roberts Realty | | $ | (2,500.00) | |
| Commissions | | $ | (4,389.00) | |
| Depreciation | | | | |
| Insurance | | $ | (640.65) | |
| Interest Expense | | | ($1,178.11) | |
| Legal (allocated) | | $ | (316.00) | |
| Office Supplies | | $ | (19.74) | |
| Professional Fees | | $ | (3,237.50) | |
| Repairs & Maintenance | | $ | (12,392.12) | |
| Service Charges | | $ | (33.96) | |
| Property Taxes | | $ | (9,396.20) | |
| Utilitly Costs | | $ | (2,159.66) | |
| Title Recording Fees | | $ | (1,155.00) | |
| Kelly - Closing Fee | | $ | (500.00) | |
| Bad Debt | | $ | (84.50) | |
| | | $ | (38,236.61) | $ 46,400.00 |
| | | | | $ 8,163.39 |
| | | | | |
| Jon Savoy / Butch Fee | | | ($10,000.00) | |
| Interest to 1836 Brys LLC (see below*) | | | ($2,248.92) | |
| Cost Basis | | | ($50,485.53) | $ 46,400.00 |
| Profit | | | | ($4,085.53) Credit due from Plantif |

| | | | | | | |
|---|---|---|---|---|---|---|
| *Initial Investment | $ 23,500.00 | x | 7% = | $ | 4.51 | per dium |
| # of days | 499 | x $ | 4.51 = | $ | 2,248.92 | |

P:\1 - OPERATIONS\00 - DJ\2 - Personal\1 - RESIDENTIAL LLC\00 - LAWSUIT RRR\Disbursement Worksheets\DRG\Ledgestone - Ryan Profit Calculation Sheet

12-06131-tjt    Doc 33    Filed 09/27/13    Entered 09/27/13 16:07:42    Page 16 of 20

Exhibit 35
1836 Brys, LLC
PROFIT CALCULATION WORKSHEET

**32404 Firwood, Warren**

| | | | |
|---|---|---|---|
| Acquisition Date | 9/4/2009 | | |
| Sales Proceeds (see attached closing statement) | | $ 84,900.00 | |
| Acquisition Price | | $ (28,286.73) | |
| Ralph Roberts Realty | $ (2,500.00) | | |
| Commissions | $ (5,094.00) | | |
| Depreciation | $ - | | |
| Insurance | $ (1,187.94) | | |
| Kelly - Closing Fee | $ (500.00) | | |
| Legal (allocated) | $ (157.00) | | |
| Licenses | $ (156.00) | | |
| Professional Fees | $ (324.53) | | |
| Repairs & Maintenance | $ (31,387.73) | | |
| Property Taxes | $ (5,027.56) | | |
| Utilitiy Costs | $ (3,243.72) | | |
| Title Recording Fees | $ (1,376.00) | | |
| | $ (50,954.48) | $ 56,613.27 | |
| | | $ 5,658.79 | |
| Jon Savoy / Butch Fee | $ (10,000.00) | | |
| Interest to 1836 Brys LLC (see below*) | $ (3,862.49) | | |
| *Cost Basis* | ($64,816.97) | $ 56,613.27 | |
| *Profit* | | ($8,203.70) | Credit due from Plantif |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Initial Investment | $ 28,286.73 | x | 7% | = | $ 5.42 | per dium | |
| # of days | 712 | x $ | 5.42 | = | $ 3,862.49 | | |


EXHIBIT D

P:\1 - OPERATIONS\00 - DJ\2 - Personal\1 - RESIDENTIAL LLC\00 - LAWSUIT RRR\Disbursement Worksheets\BRYS\Firwood - Brys
Profit Calculation Sheet

12-06131-tjt   Doc 33   Filed 09/27/13   Entered 09/27/13 16:07:42   Page 17 of 20

## 7376 Engleman

| | | | |
|---|---|---|---|
| Acquisition Date | 9/18/2009 | | |
| Sales Proceeds (see attached closing statement) | | $ 28,000.00 | |
| Acquisition Price | | $ (17,626.00) | |
| | | | |
| Ralph Roberts Realty | $ (2,500.00) | | |
| Commissions | $ (1,680.00) | | |
| Depreciation | $ - | | |
| Insurance | $ (1,988.16) | | |
| Inspection Fees | ($150.00) | | |
| Legal (allocated) | $ - | | |
| Licenses | $ (556.00) | | |
| Professional Fees | .$ (2,224.52) | | |
| Repairs & Maintenance | $ (18,675.27) | | |
| Property Taxes | $ (5,405.59) | | |
| Utilitiy Costs | $ (2,481.36) | | |
| Title Recording Fees | $ (740.50) | | |
| Kelly - Closing Fee | $ (500.00) | | |
| | $ (36,901.40) | $ 10,374.00 | |
| | | $ (26,527.40) | |
| | | | |
| Jon Savoy / Butch Fee | $ (10,000.00) | | |
| Interest to 1836 Brys LLC (see below*) | $ (3,522.30) | | |
| Cost Basis | ($50,423.70) | $ 10,374.00 | |
| Profit | | ($40,049.70) | Credit due from Plantif |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Initial Investment | $ 17,626.00 | x | 7% = | $ | 3.38 | per dium | |
| # of days | 1042 | x $ | 3.38 = | $ | 3,522.30 | | |

**EXHIBIT E**

P:\1 - OPERATIONS\00 - DJ\2 - Personal\1 - RESIDENTIAL LLC\00 - LAWSUIT RRR\Disbursement Worksheets\BRYS\Engleman - Brys Profit Calculation Sheet

12-06131-tjt    Doc 33    Filed 09/27/13    Entered 09/27/13 16:07:42    Page 18 of 20

## 17803 Eastland

| | | | | |
|---|---|---|---|---|
| Acquisition Date | 5/21/2010 | | | |
| Sales Proceeds (see attached closing statement) | | | $ 35,000.00 | |
| Acquisition Price | | | $ (24,751.00) | |
| | | | | |
| Ralph Roberts Realty | | (5,000.00) | | |
| Association Dues | | | | |
| Commissions | | | | |
| Depreciation | | | | |
| Insurance | | (126.48) | | |
| Interest Expense | | (1,580.67) | | |
| Legal | | (1,500.00) | | |
| Office Supplies | | | | |
| Professional Fees | | (1,661.25) | | |
| Repairs & Maintenance | | | | |
| Service Charges | | | | |
| Property Taxes | | (1,890.03) | | |
| Utilitiy Costs | | | | |
| Title Recording Fees | | (811.00) | | |
| Kelly - Closing Fee | | (500.00) | | |
| | | $ (13,069.43) | $ 10,249.00 | |
| | | | $ (2,820.43) | |
| Jon Savoy / Butch Fee | | $ (10,000.00) | | |
| Interest to 1836 Brys LLC (see below*) | | $ (1,580.67) | | |
| Cost Basis | | ($24,650.11) | $ 10,249.00 | |
| Profit | | | ($14,401.11) | Credit due from Plantif |

*Initial Investment  $ 24,751.00  x     7% = $     4.75 per dium
    # of days           333  x  $   4.75 = $  1,580.67

EXHIBIT F
P:\1 - OPERATIONS\00 - DJ\2 - Personal\1 - RESIDENTIAL LLC\00 - LAWSUIT RRR\Disbursement Worksheets\PRIME\Eastland - Prime Profit Calculation Sheet

12-06131-tjt    Doc 33    Filed 09/27/13    Entered 09/27/13 16:07:42    Page 19 of 20

Prime Residential Properties Group, LLC
PROFIT CALCULATION WORKSHEET

**29179 Trailwood**

| | | | |
|---|---|---|---|
| Acquisition Date | 5/21/2010 | | |
| Sales Proceeds (see attached closing statement) | | | $ 168,000.00 |
| Acquisition Price | | | $ (59,800.70) |

| | | |
|---|---|---|
| Ralph Roberts Realty | $ (2,500.00) | |
| Association Dues | $ (1,476.00) | |
| Commissions | $ (17,280.00) | |
| Depreciation | | |
| Insurance | $ (243.35) | |
| Interest Expense | $0.00 | |
| Legal (allocated) | $ - | |
| Office Supplies | $ - | |
| Professional Fees | $ (1,661.25) | |
| Repairs & Maintenance | $ (510.00) | |
| Service Charges | $ - | |
| Property Taxes | $ (5,613.12) | |
| Utilitiy Costs | $ (181.24) | |
| Title Recording Fees | $ (2,662.80) | |
| Kelly - Closing Fee | $ (500.00) | |
| | $ (32,627.76) | $ 108,199.30 |
| | | $ 75,571.54 |

| | | |
|---|---|---|
| Jon Savoy / Butch Fee | $ (10,000.00) | |
| Interest to 1836 Brys LLC (see below*) | $ (4,564.51) | |
| Cost Basis | ($47,192.27) | $ 108,199.30 |
| Profit | | $61,007.03 |
| | x | 30% |
| | = $ | 18,302.11  To Kathleen A. Roberts |

*Initial Investment  $ 59,800.70  x   7% = $  11.47  per diem
 # of days            398 x $  11.47 = $  4,564.51

NOTE: This Profit Calculation Worksheet is being utilized for the calucation of profits to determine the 30% equity participation payment to Kathleen A. Roberts.



P:\1 - OPERATIONS\00 - DJ\2 - Personal\1 - RESIDENTIAL LLC\00 - LAWSUIT RRR\Disbursement Worksheets\PRIME Trailwood - Prime Profit Calculation Sheet

12-06131-tjt    Doc 33    Filed 09/27/13    Entered 09/27/13 16:07:42    Page 20 of 20